UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01214 JAR |
| | ) | |
| PROGRESSIVE INSURANCE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. No. 6). The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be granted.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a

---

[1] Defendants filed their motion on August 17, 2016. On September 23, 2016, Plaintiff filed a "Motion to Dismiss Defendants Motion to Dismiss" (Doc. No. 13). He also requested an extension of time to "perfect his response" to, inter alia, the motion to dismiss (Doc. No. 14). On October 3, 2016, Defendants filed their reply (Doc. No. 15). On October 4, 2016 the Court granted Plaintiff's request in part and ordered him to file his response to Defendants' motion to dismiss no later than October 23, 2016 (Doc. No. 19). On October 21, 2016, Plaintiff filed a "Motion to Dismiss Defendants Reply" (Doc. No. 20).

claim as a matter of law." Id. (quoting Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981)).

On July 25, 2016, Plaintiff Maurice Williams, proceeding pro se, filed a complaint against Defendants Progressive Insurance Company, David Bowser and Katie Lade arising from the alleged denial of a claim for a stolen car under his insurance policy (Complaint ("Compl."), Doc. No. 1). Plaintiff alleges claims under the Americans with Disability Act ("ADA"), the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 42 U.S.C. §§1981, 1983, 1985, and violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The ADA makes it unlawful to discriminate against people with disabilities in employment, transportation, public accommodation, communications, and governmental activities. Plaintiff alleges no facts to support a claim under the ADA. The ADA defines the term "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Plaintiff does not allege in his complaint that he has a physical or mental impairment, other than to state in his background statement of facts that he has pain in his hip and legs. Moreover, there are no allegations that Plaintiff's hip and leg pain substantially limited him in any major life activity, that he had a record of such impairment, or that Defendants regarded him as having such an impairment. It is also fatal to his ADA claim that Plaintiff has not alleged that Defendants took adverse action against him, in other words denied his insurance claim, on account of his hip and leg pain. Thus, the Court finds Plaintiff has failed to state a claim of disability discrimination under the ADA.

Enacted to strengthen criminal and civil remedies against organized crime, RICO provides a private right of action for any person who has been injured in his business or property from a RICO violation. <u>Dahlgren v. First Nat'l Bank of Holdrege</u>, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). To state a RICO claim, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Nitro Distrib., Inc. v. Alticor, Inc.</u>, 565 F.3d 417, 428 (8th Cir. 2009) (internal quotation omitted). A RICO claim must be pleaded with particularity under Rule 9(b). <u>Crest Const. II, Inc. v. Doe</u>, 660 F.3d 346, 353 (8th Cir. 2011). Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting a fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff alleges no facts to support a RICO claim. Plaintiff's complaint fails to allege the existence of a RICO enterprise, a pattern of racketeering, multiple predicate acts (i.e., mail fraud, wire fraud, use of facilities of interstate commerce), and lacks the particularity required of fraud-based claims by Rule 9(b).

42 U.S.C. §1981 prohibits intentional race discrimination in the making and enforcing of contracts. Plaintiff identifies himself as an "Afro-American male," but otherwise makes no allegation that his race played any role in the Defendants' handling of his claim.

42 U.S.C. § 1983 allows a person who has had any rights, privileges, or immunities secured by the Constitution violated by another, under the color of state law, to sue the violator for damages. To state a § 1983 claim, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. <u>Schmidt v. City of Bella Villa</u>, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff's complaint fails to allege facts that could establish that Defendants are state actors or acted under color of state law. Moreover, it is well established that private insurers are not state actors for purposes of a Section 1983 claim. See <u>American Manufacturers Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 52 (1999).

42 U.S.C. § 1985 is a federal cause of action for recovery when there is a conspiracy to deprive a person of civil rights. In order to state a claim for conspiracy under § 1985, a plaintiff "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." Kelly v. City of Omaha, 813 F.3d 1070, 1078 (8th Cir. 2016) (quoting City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989)). This standard requires that "allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." Id. (quoting Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989)). Here, Plaintiff alleges in a conclusory manner that Defendants conspired, among other things, to deny his insurance claim, terminate a rental vehicle, deny his access to the courts, and deprive him of his "equal rights under the law," but his complaint fails to allege specific facts showing that any of the Defendants' alleged misconduct arose from any such meeting of minds.

Having determined that the allegations of Plaintiff's complaint do not support federal question jurisdiction in this case, the Court considers whether Plaintiff adequately asserts a basis for the Court to exercise diversity of citizenship jurisdiction over his claims. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. In this regard, Plaintiff must specifically allege each party's citizenship to show that Plaintiff and Defendants are citizens of different states. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). It is well established that when jurisdiction depends upon diversity, the absence of sufficient averments or facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the Court. Id.; see also Poling v. K. Hovnanian Enters., 99 F.Supp.2d 502, 515 (D.N.J. 2000) ("The court can only 'properly determine whether

complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter[,]' when the plaintiff, even if proceeding pro se, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants.") Because Plaintiff's complaint is silent as to the citizenship of the parties, and complete diversity of citizenship is not apparent from the pleadings, the Court cannot exercise jurisdiction over this case under 28 U.S.C. § 1332. See Sanders, 823 F.2d at 216.

After a careful review of Plaintiff's pro se Complaint, the Court will grant Defendants' motion to dismiss. To the extent Plaintiff's complaint can be liberally construed as alleging a state law breach of contract claim, such a claim cannot serve as a sufficient basis for subject matter jurisdiction in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [6] is **GRANTED.** A separate judgment of dismissal will accompany this Memorandum and Order.


Dated this 28th day of March, 2017.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**